# UNITED STATES DISTRICT COURT
for the
Eastern District of Virginia

| | |
|---|---|
| In the Matter of the Search of<br>*(Briefly describe the property to be searched<br>or identify the person by name and address)*<br>THE PERSON, ELECTRONIC DEVICES, AND<br>VEHICLE OF ELISHA JASON ALBERT | )<br>)<br>) Case No. 1:23-SW-542<br>)<br>)<br>) UNDER SEAL<br>) |

### APPLICATION FOR A WARRANT BY TELEPHONE OR OTHER RELIABLE ELECTRONIC MEANS

I, a federal law enforcement officer or an attorney for the government, request a search warrant and state under penalty of perjury that I have reason to believe that on the following person or property *(identify the person or describe the property to be searched and give its location)*:

See Attachment A, incorporated herein by this reference.

located in the ___Eastern___ District of ___Virginia___, there is now concealed *(identify the person or describe the property to be seized)*:

See Attachment B, incorporated herein by this reference.

The basis for the search under Fed. R. Crim. P. 41(c) is *(check one or more)*:

☑ evidence of a crime;

☑ contraband, fruits of crime, or other items illegally possessed;

☑ property designed for use, intended for use, or used in committing a crime;

☐ a person to be arrested or a person who is unlawfully restrained.

The search is related to a violation of:

| Code Section | Offense Description |
|---|---|
| 18 U.S.C. § 2422(b); | Coercion and enticement; |
| 18 U.S.C. § 2251(a); and | Sexual abuse, and attempted sexual abuse of a minor; and |
| 18 U.S.C. § 2252 | Transportation, receipt, and possession of child pornography |

The application is based on these facts:

See Affidavit of FBI Special Agent Hector Sepulveda, attached hereto and incorporated herein by this reference.

☑ Continued on the attached sheet.

☐ Delayed notice of _____ days *(give exact ending date if more than 30 days: _____)* is requested under 18 U.S.C. § 3103a, the basis of which is set forth on the attached sheet.

*Applicant's signature*

Hector Sepulveda, Special Agent, FBI
*Printed name and title*

Attested to by the applicant in accordance with the requirements of Fed. R. Crim. P. 4.1 by ___telephone___ *(specify reliable electronic means)*.

Date: 09/23/2023

John F. Anderson
Digitally signed by John F. Anderson
Date: 2023.09.23 09:33:07 -04'00'
*Judge's signature*

City and state: Alexandria, Virginia    Hon. John F. Anderson, U.S. Magistrate Judge
*Printed name and title*

## ATTACHMENT A

*Property to be searched*

The FBI is requesting to search the person of Elisha Jason Albert, as well as the area and any electronic devices within his control, and the vehicle which transports him to the agreed-upon meeting location.



WhatsApp profile image:



## ATTACHMENT B

*Property to be seized*

1. All records and information that constitute evidence of the commission of a criminal offense, contraband, the fruits of crime, or property designed or intended for use or which is or has been used as the means of committing a criminal offense, namely (i) coercion and enticement, in violation of 18 U.S.C. § 2422(b); (ii) sexual abuse, and attempted sexual abuse of a minor, in violation of 18 U.S.C. § 2251(a); and (iii) transportation, receipt, and possession of child pornography, in violation of 18 U.S.C. § 2252, including:

   a. Child pornography and child erotica;

   b. Records, information, and items relating to the ownership or rental of the SUBJECT VEHICLE, including any registry information and rental agreements;

   c. Records, information, and items relating to the ownership or use of computer equipment found during the above search, including sales receipts, bills for Internet access, and handwritten notes;

   d. Travel and/or vacation documents, to include passports;

   e. Records and information relating to the identity or historic location of the persons suspected of violating the statutes described above during the time period in which they were violated; and

   f. Any children's clothing or other items which can reasonably be associated with a potential child victim or the concealment or abduction of a potential child victim, including but not limited to identification information.

2. Computers, electronic devices, or storage media used as a means to commit the violations described above, including coercion and enticement; sexual abuse of a minor; and transportation, receipt, and possession of child pornography.

3. For any computer, electronic device, or storage medium whose seizure is otherwise authorized by this warrant, and any computer, electronic device, or storage medium that contains or in which is stored records or information that is otherwise called for by this warrant (hereinafter, "COMPUTER"):

   a. evidence of who used, owned, or controlled the COMPUTER at the time the things described in this warrant were created, edited, or deleted, such as logs, registry entries, configuration files, saved usernames and passwords, documents, browsing history, user profiles, email, email contacts, "chat," instant messaging logs, photographs, and correspondence;

   b. evidence of software that would allow others to control the COMPUTER, such as viruses, Trojan horses, and other forms of malicious software, as well as evidence of the presence or absence of security software designed to detect malicious software;

   c. evidence of the lack of such malicious software;

   d. evidence indicating how and when the COMPUTER was accessed or used to determine the chronological context of computer access, use, and events relating to the crime under investigation and to the computer user;

   e. evidence indicating the computer user's state of mind as it relates to the crime under investigation;

    f.  evidence of the attachment to the COMPUTER of other storage devices or similar containers for electronic evidence;

    g.  evidence of counter-forensic programs (and associated data) that are designed to eliminate data from the COMPUTER;

    h.  evidence of the times the COMPUTER was used;

    i.  passwords, encryption keys, and other access devices that may be necessary to access the COMPUTER;

    j.  documentation and manuals that may be necessary to access the COMPUTER or to conduct a forensic examination of the COMPUTER;

    k.  records of or information about Internet Protocol addresses used by the COMPUTER;

    l.  records of or information about the COMPUTER's Internet activity, including firewall logs, caches, browser history and cookies, "bookmarked" or "favorite" web pages, search terms that the user entered into any Internet search engine, and records of user-typed web addresses;

    m.  contextual information necessary to understand the evidence described in this attachment; and

    n.  Routers, modems, and network equipment used to connect computers to the Internet.

As used above, the terms "records" and "information" includes all forms of creation or storage, including any form of computer or electronic storage (such as hard disks or other media that can store data); any handmade form (such as writing); any mechanical form (such as printing

or typing); and any photographic form (such as microfilm, microfiche, prints, slides, negatives, videotapes, motion pictures, or photocopies).

The term "computer" includes all types of electronic, magnetic, optical, electrochemical, or other high speed data processing devices performing logical, arithmetic, or storage functions, including desktop computers, notebook computers, mobile phones, tablets, server computers, and network hardware.

The term "storage medium" includes any physical object upon which computer data can be recorded. Examples include hard disks, RAM, floppy disks, flash memory, CD-ROMs, and other magnetic or optical media.

During the execution of the search warrant, law enforcement is permitted to: (1) depress the SUBJECT's thumb and/or fingers onto the fingerprint sensor of the digital device (only when the device has such a sensor), and direct which specific finger(s) and/or thumb(s) shall be depressed; and (2) hold the device in front of the SUBJECT's face with his eyes open to activate the facial, iris, or retina-recognition feature, in order to gain access to any such device. Law enforcement may not require anyone to disclose a password or identify specific biometric characteristics that may be used to unlock the device, including which finger or other physical features unlock the device, in order to gain access to the contents of the device.

This warrant authorizes a review of electronic storage media and electronically stored information seized or copied pursuant to this warrant in order to locate evidence, fruits, and instrumentalities described in this warrant. The review of this electronic data may be conducted by any government personnel assisting in the investigation, who may include, in addition to law enforcement officers and agents, attorneys for the government, attorney support staff, and technical experts. Pursuant to this warrant, the FBI may deliver a complete copy of the seized or

copied electronic data to the custody and control of attorneys for the government and their support staff for their independent review.